UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                              CRIMINAL ACTION

VERSUS                                                                              NO. 14-140

LEONID DJUGA

### ORDER AND REASONS

The Court has pending before it a motion[1] filed by defendant, Leonid Djuga ("Djuga"), to dismiss count one of the indictment or, alternatively, for a bill of particulars. The government has filed a response[2] and the matter is now ripe for decision.

### BACKGROUND

On July 18, 2014, the grand jury returned a three-count indictment[3] against Djuga and two co-defendants, Jesse Gore ("Gore") and Joseph Scott Carr ("Carr"). Count one of the indictment charges that:

> Beginning at a time unknown, but prior to January 1, 2014, and continuing to on or about July 15, 2014, in the Eastern District of Louisiana and elsewhere, the defendants, [Djuga, Gore, and Carr] did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to distribute and possess with the intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.[4]

Count two charges Carr with distribution of a quantity of methamphetamine and count three charges

---

[1] R. Doc. No. 108.
[2] R. Doc. No. 119.
[3] R. Doc. No. 7.
[4] R. Doc. No. 7, at 1.

1

Gore with possession with the intent to distribute a quantity of methamphetamine.[5] On January 29, 2015, Carr pleaded guilty to count two and Gore pleaded guilty to count three.[6] Carr and Gore have not yet been sentenced.

Djuga moves to dismiss the count-one conspiracy charge as "impermissibly vague."[7] In the alternative, he requests a bill of particulars providing additional details regarding count one.[8] The government opposes all relief, contending that the indictment is sufficient and that Djuga has otherwise been provided with sufficient detail regarding the conspiracy charge.[9]

## LAW & ANALYSIS

**A.    Motion to Dismiss**

"An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation marks omitted). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *Id.* (internal quotation marks omitted). "It is well established that in 'an indictment for conspiring to commit an offense–in which the conspiracy is the gist of the crime–it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Graves*, 669 F.2d 964, 968 (5th Cir. 1982)). "[S]tating the manner and means is not necessary

---

[5] R. Doc. No. 7, at 2.
[6] R. Doc. No. 59.
[7] R. Doc. No. 108, at 1.
[8] R. Doc. No. 108-2, at 1.
[9] R. Doc. No. 119, at 1.

indictment language." *United States v. Fernandez*, 559 F.3d 303, 328 (5th Cir. 2009).

"To prove that a defendant is guilty of conspiring to distribute illegal drugs under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt: (1) the existence of an agreement between two or more persons to violate narcotics laws, (2) knowledge of the conspiracy and intent to join it, and (3) voluntary participation in the conspiracy." *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003). A § 846 drug conspiracy charge does not require that the government prove an overt act. *See Turner*, 319 F.3d at 721; *see also Lawrence*, 727 F.3d at 397-98 (explaining that if a statute does not require proof of an overt act, an indictment for violation of that statute need not allege any overt acts).

Count one of the indictment charges that Djuga and his co-defendants "did knowingly and intentionally combine, conspire, confederate, and agree . . . to distribute and possess with the intent to distribute 500 grams or more of . . . methamphetamine."[10] Although this indictment does "little more than recite the statutory elements of the crime," as Djuga asserts,[11] that is all that is required, and Djuga cites no authority supporting the degree of factual specificity he demands.[12] Count one

---

[10] R. Doc. No. 7, at 1. The amount of methamphetamine specified in the indictment would also be submitted to the jury for a factual determination, and Djuga has fair notice of the quantity of methamphetamine alleged by the grand jury.

[11] R. Doc. No. 108-1, at 1.

[12] Djuga's citation to *Russell v. United States*, quoted in full, merely restates the general standard for sufficiency of an indictment: "These criteria are, first, whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." 369 U.S. 749, 763-64 (1962). Djuga does not analogize this case to *Russell* which addressed the sufficiency of an indictment for refusing to answer a question before a congressional committee. *See id.* at 764-75.

Djuga also cites *United States v. Whitehorn*, 710 F. Supp. 803, 817 (D.D.C. 1989), *rev'd on other grounds*, 888 F.2d 1406 (D.C. Cir. 1989), which did not address a § 846 drug conspiracy and is inapposite.

of the indictment alleges the elements of the § 846 charge in the language of the statute and it is therefore sufficient. *See United States v. Lutcher*, No. 03-338, 2009 WL 666767, at *3-4 (E.D. La. Mar. 10, 2009) (finding that a motion challenging the sufficiency of a substantially similar indictment charging a § 846 drug conspiracy would have been "meritless" because the indictment "tracks the statutory language in charging the defendant with conspiring to possess illegal drugs"). Accordingly, his motion to dismiss is denied.

**B.        Motion for a Bill of Particulars**

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). "A defendant should not use the Bill of Particulars to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (internal quotation marks and citation omitted); *accord United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). Criminal defendants "are not entitled to discover all the overt acts that might be proved at trial" through a bill of particulars. *Kilrain*, 566 F.2d at 985. "A bill of particulars is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991).

"A defendant possesses no right to a bill of particulars . . . ." *United States v. Burgin*, 621

4

...

F.3d 1352, 1358 (5th Cir. 1980). "The denial of a bill of particulars is within the sound discretion of the trial judge . . . ." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). The Court must decide whether to grant or deny a motion for a bill of particulars with reference to the specific circumstances of this case. *See, e.g.*, *United States v. Davis*, 582 F.2d at 951 ("More often [deciding a motion for a bill of particulars] is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge."). A court abuses its discretion when denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987).

The government contends that it has adequately notified Djuga of the nature of the charges against him "through the indictment and discovery." With respect to discovery, the government represents that it has produced to Djuga the affidavits supporting the search warrants in this case, "DEA reports of interviews and lab tests," "Federal Express records with dates of shipments and the names of senders and recipients," and "the results of three cell phone searches that include text messages and photographs which substantiate the conspiracy."[13] The Court also notes that the factual basis supporting the guilty pleas of Gore and Carr contains additional details regarding the alleged conspiracy.[14] The Court will examine the additional information Djuga seeks in light of this prior disclosure.

Under the circumstances of this case, almost all of Djuga's requests exceed the proper scope of a bill of particulars. For example, he requests "overt acts . . . (including dates of, locations of, and

---

[13] R. Doc. No. 119, at 7.
[14] R. Doc. No. 62, at 5.

5

participants in meetings and conversations) allegedly committed in furtherance of the conspiratorial agreement alleged in count one."[15] A defendant is not entitled to a list of overt acts that might be proved at trial through a bill of particulars. *Kilrain*, 566 F.2d at 985. He also requests the "basis" of the temporal allegations of the conspiracy,[16] and "[t]he dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed with Jesse Gore and Joseph Scott Carr to commit the narcotics violations alleged in count one."[17] This request impermissibly crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars. *See id.* Djuga's motion for a bill of particulars as to these topics is denied.[18]

Djuga also requests the "names of the unidentified persons 'whose identities are known to the grand jury' whom the defendants allegedly conspired with" so that he can determine if he knows them.[19] "[A] bill of particulars is a proper procedure for discovering names of coconspirators the Government plans to call at witnesses at trial." *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987) (citing *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). However, Djuga does not explain why immediate disclosure is warranted in these circumstances. *See id.* (finding no prejudice when district court denied bill of particulars seeking the identity of unindicted co-conspirators and when defendants at trial "were given one or more days notice of the Government's

---

[15]R. Doc. No. 108-2, at 2.
[16]R. Doc. No. 108-2, at 1.
[17]R. Doc. No. 108-2, at 2.
[18]Djuga cites only one case, *United States v. Ramirez*, 54 F. Supp. 2d 25 (D.D.C. 1999). The bill of particulars granted in *Ramirez* may have been an appropriate exercise of discretion based on the circumstances of that case, but it does not justify the details Djuga seeks in this case.
[19]R. Doc. No. 108-2, at 2.

intent to call" unindicted co-conspirators). Accordingly, the Court will defer the motion for a bill of particulars as to the identities of unindicted co-conspirators who will testify at trial until the pretrial conference and that issue will be addressed in connection with other pretrial disclosures.

## CONCLUSION

**IT IS ORDERED** that Djuga's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that Djuga's motion for a bill of particulars is **DEFERRED** as to the identity of unindicted co-conspirators who will testify at trial and **DENIED** in all other respects.

New Orleans, Louisiana, March 25, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**