## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 14-140** |
| **LEONID DJUGA** | **SECTION I** |

### ORDER & REASONS

Before the Court is petitioner Leonid Djuga's ("Djuga") motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes the motion.[2] For the following reasons, the motion is denied.

### I.

On July 18, 2014, Djuga was charged in count one of a three-count indictment with conspiring to distribute and possess with the intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[3] On April 14, 2015, Djuga pled guilty before this Court to count one.[4]

The Court informed Djuga of the mandatory minimum and maximum penalties that he could face under law.[5] The Court also informed Djuga that the United States Sentencing Guidelines ("Guidelines") are no longer binding upon district court judges, that the Court could depart from the Guidelines range, and that

---

[1] R. Doc. No. 341.
[2] R. Doc. No. 343.
[3] R. Doc. No. 7.
[4] R. Doc. No. 138, at 1.
[5] R. Doc. No. 287, at 10:13–22.

"there are numerous factors the Court considers when fashioning an appropriate sentence[.]"[6]

The government read the factual basis into the record.[7] Djuga and his counsel both stated that they had signed the factual basis.[8] During the colloquy, the Court noted that the factual basis mentioned a firearm that had been seized from Djuga's home.[9] The Court confirmed with Djuga that he knew that this firearm could result in an enhancement to his Guidelines range, and that Djuga still intended to plead guilty, despite this possibility.[10]

The United States Probation Office ("Probation") recommended that the Court impose a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with a drug trafficking offense.[11] Probation also assessed a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 in connection with Djuga's attempt to suborn perjury after he pled guilty.[12] Probation did not credit Djuga with a three-level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[13] Probation calculated Djuga's total

---

[6] *Id.* at 12:3–12.
[7] *Id.* at 28:15–37:24; *see* R. Doc. No. 139.
[8] R. Doc. No. 287, at 38:3–10.
[9] *Id.* at 39:6–11.
[10] *Id.* at 41:21–42:20.
[11] R. Doc. No. 236, at 15 ¶ 56.
[12] *Id.* at 15 ¶ 59.
[13] *Id.* at 15 ¶ 62.

offense level as 38 with a criminal history category of II.[14] This calculation resulted in an advisory Guidelines range of 262 to 327 months.[15]

Djuga's counsel filed objections to both of the two-level enhancements for possession of a firearm in connection with a drug trafficking offense and obstruction of justice.[16] Defense counsel also argued that Probation erred by not awarding Djuga a three-level decrease for timely acceptance of responsibility.[17]

The government filed a written response[18] to Djuga's objections and Probation addressed the objections in a second addendum to the pre-sentence investigation report.[19] The government filed a motion for a three-level reduction in Djuga's offense level for timely acceptance of responsibility, pursuant to the plea agreement.[20]

The Court overruled Djuga's objections to the two-level enhancements for possession of a firearm and obstruction of justice, but granted the government's motion for a three-level reduction for timely acceptance of responsibility.[21] The Court calculated Djuga's total offense level as 35 with a criminal history category of II, which resulted in an advisory Guidelines range of 188 to 235 months.[22] The Court

---

[14] *Id.* at 15 ¶ 63, 17 ¶ 69.
[15] *Id.* at 23 ¶ 112.
[16] R. Doc. No. 244, at 2, 4–6.
[17] *Id.* at 3–4.
[18] R. Doc. No. 245.
[19] R. Doc. No. 249.
[20] R. Doc. No. 241.
[21] R. Doc. No. 281, at 13:24–25, 15:15–19, 21:13–14.
[22] *Id.* at 21:23–22:3.

sentenced Djuga to a term of imprisonment of 200 months and five years of supervised release, and it entered judgment on March 22, 2018.[23]

Djuga timely appealed his sentence and conviction.[24] Djuga's sole argument on appeal was that this Court improperly applied the two-level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).[25] On January 10, 2019, the U.S. Fifth Circuit Court of Appeals granted the government's motion to dismiss Djuga's appeal based upon his waiver of appellate rights in his plea agreement.[26] On May 13, 2019, the United States Supreme Court denied Djuga's petition for a writ of certiorari.[27] Djuga timely filed the present motion.[28] *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003).

## II.

Section 2255 allows a prisoner in federal custody to bring a motion to vacate, set aside, or correct his sentence in the court that imposed the sentence, when that prisoner claims a

> right to be released upon a ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

---

[23] R. Doc. No. 261, at 2–3.
[24] R. Doc. No. 264; *see* Fed. R. App. P. 4(b)(1)(A).
[25] *See* Fifth Circuit Case No. 18-30405, R. Doc. No. 00514700207.
[26] Fifth Circuit Case No. 18-30405, R. Doc. Nos. 00514725089, 00514790384.
[27] R. Doc. No. 337; *Djuga v. United States*, 139 S. Ct. 2039 (2019).
[28] R. Doc. No. 341. The government does not dispute the timeliness of Djuga's motion. *See* R. Doc. No. 343, at 6.

28 U.S.C. § 2255(a). When a defendant challenges his conviction and sentence collaterally under § 2255, the defendant can only bring "issues of constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been addressed on direct appeal that will result in a miscarriage of justice if left unaddressed.").

Construing Djuga's pro se motion liberally,[29] he asserts two grounds for relief.[30] First, he asserts that he suffered from ineffective assistance of counsel insofar as his attorney failed to object to an enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with a drug trafficking offense.[31] Second, Djuga claims that his sentence was "procedurally and substantively unreasonable" under the Fifth, Sixth, and Fourteenth Amendments, because the Court applied the two-level enhancement to his sentence pursuant to § 2D1.1(b)(1) and his counsel "failed to stand on a proper objection to the enhancement."[32] The Court will consider each in turn.

---

[29] *See Hickman v. Red River Health Dep't*, 777 F. App'x 752, 752 (5th Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (holding that pro se briefs must be liberally construed).
[30] *See* R. Doc. No. 341.
[31] *Id.* at 4.
[32] *Id.* at 5.

## III.

### A.

Djuga argues that his Fifth, Sixth, and Fourteenth Amendment rights were violated "due to counsel's deficient performance to object to an enhancement to U.S.S.G. 2D1.1(b)(1)[.]"[33] Djuga asserts that "but for counsel's failure to either file a proper Sentencing Memorandum or place on the record a proper objection to the Guideline enhancement[,] Petitioner's sentence would not be procedurally and substantively unreasonable" and, therefore, defense counsel's ineffective assistance "caused Petitioner's sentenc[ing] range to be prejudiced[.]"[34]

Claims of ineffective assistance of counsel are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a petitioner to prove both deficient performance and resulting prejudice. *Id.* at 687. The petitioner must satisfy both prongs of the *Strickland* test in order to be successful in an ineffective assistance claim. *See id.* A court is not required to address these prongs in any particular order. *Id.* at 697. If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's

---

[33] *Id.* at 4.
[34] *Id.*

6

conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

"When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland's* deficiency prong is met when counsel fails to 'research facts and law and raise meritorious arguments based on controlling precedent.'" *United States v. Cunningham*, No. 12-3147, 2013 WL 3899335, at *7 (S.D. Tex. July 27, 2013) (citing *United States v. Fields,* 565 F.3d 290, 296 (5th Cir. 2009)).

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To satisfy *Strickland*'s prejudice prong as it pertains to sentencing, "any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper,* 566 U.S. 156, 165 (2012) (internal quotation marks and citation omitted).

The government argues that Djuga's ineffective assistance of counsel claim cannot satisfy either prong of *Strickland* because Djuga's counsel did, in fact, object to the firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).[35] The Court agrees.

As previously mentioned, defense counsel filed written objections to the pre-sentence investigation report, including an objection to the firearm enhancement, on

---

[35] R. Doc. No. 343, at 7–8.

7

November 15, 2017.[36] Djuga's attorney argued that the firearm, while found in Djuga's house, did not actually belong to Djuga.[37] Defense counsel forwarded to Probation a letter containing an affidavit from the purported owner of the gun confirming that he was the owner, not Djuga, and a photo of that person holding the gun.[38] The government filed a written response to those objections on November 17, 2017.[39] Probation confirmed receipt of Djuga's objections and the government's response in a second addendum to the final pre-sentence investigation report.[40]

The Court fully considered and addressed Djuga's objections on the record during Djuga's sentencing hearing.[41] The Court called into doubt the veracity of the affidavit from the purported owner of the gun, as Djuga stated in a letter to the Court that a person other than the individual who submitted the affidavit owned the gun.[42] The Court, after thoroughly stating its reasons, overruled the objection because it found that "what matters is not ownership, but access" to a firearm in connection with the offense, and the government "met its burden of proving by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."[43]

---

[36] R. Doc. No. 244, at 4–6.
[37] *Id.*
[38] *Id.* at 5; R. Doc. No. 244-1.
[39] R. Doc. No. 245.
[40] R. Doc. No. 249, at 2.
[41] *See* R. Doc. No. 281, at 15:20–21:14.
[42] *Id.* at 18:20–19:11.
[43] *Id.* at 19:21–21:14.

8

A defendant cannot establish ineffective assistance of counsel on the basis that his counsel failed to object to a sentencing enhancement when defense counsel did in fact object to the challenged enhancement. *See United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994). Accordingly, Djuga's ineffective assistance of counsel claim fails.

**B.**

Djuga next argues that his sentence is procedurally and substantively unreasonable in violation of his Fifth, Sixth, and Fourteenth Amendment rights, because the Court applied the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.[44] Djuga argues that the Court incorrectly applied the two-level enhancement because the government failed to meet its burden of proving by a preponderance of the evidence that Djuga possessed the firearm in connection with his drug trafficking offense.[45] Djuga reiterates that his counsel "failed to stand on a proper objection to the enhancement."[46]

In response to a question in the § 2255 petition inquiring as to why Djuga had not previously presented his grounds for relief in federal court, Djuga responded, as to ground two, that his "[i]neffective [a]ssistance of [c]ounsel [claim] was connected to ground two" and "a 2255 motion is more of a proper vehicle to raise this argument."[47] Because Djuga's second ground for relief is based upon the same

---

[44] R. Doc. No. 341, at 5.
[45] *Id.*
[46] *Id.*
[47] *Id.* at 9.

9

ineffective assistance of counsel claim alleged in his first ground, the second claim fails for the same reasons previously stated.

IV.

For the foregoing reasons,

**IT IS ORDERED** that Djuga's motion to vacate, set aside, or correct his sentence is **DENIED** and his 28 U.S.C. § 2255 motion is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, April 3, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**