UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                               **No. 14-140**

**LEONID DJUGA**                                                    **SECTION I**

**ORDER & REASONS**

    Before the Court is defendant Leonid Djuga's ("Djuga") motion[1] for this Court to reconsider its April 3, 2020 Order[2] dismissing with prejudice his motion[3] to vacate his conviction pursuant to 28 U.S.C. § 2255 on the basis that he received ineffective assistance of "appellate counsel," Fait Accompli Legal Services ("FALS"), during his appeal of the order. The government opposes[4] the motion. As explained *infra*, the Court concludes that Djuga is actually requesting leave to file a second successive § 2255 petition. The Court does not possess jurisdiction to grant such relief. But the Fifth Circuit does, so the Court will transfer this motion.

    Djuga explains that he "is requesting the opportunity to resubmit his 2255 based on the grounds that his trial Counsel did not object to the guideline language as being overbroad and vague as applied regarding his case" and that "he was not given comprehensive advice of the evidence related to the gun enhancement by his Attorney and therefore accepted the plea agreement on the basis of incomplete

---

[1] R. Doc. No. 354.
[2] R. Doc. No. 344; *see* R. Doc. No. 345 (Judgment).
[3] R. Doc. No. 341.
[4] R. Doc. No. 356.

knowledge."[5] He notes that "this Court rightfully denied my motion for relief under 2255 for trial counselors failure to object to [a] gun enhancement" because "it is clear from even a cursory review of the sentencing transcript that" trial counsel did object.[6] He explains that the relief is necessary because FALS's "deficient performance . . . has resulted in prejudice to my case" because the Court correctly denied his § 2255 petition.

Djuga's first § 2255 petition was filed *pro se* and signed by Djuga alone, not FALS.[7] Indeed, FALS has never appeared before this Court on Djuga's behalf, though Djuga's *notice of appeal* of the Court's April 3, 2020 Order does list FALS as Djuga's "pro se assistant."[8]

Regardless, Djuga, by his own admission, is seeking leave to raise attacks on his original sentence that were not raised in his original § 2255.  28 U.S.C. § 2244(b)(3)(A) leaves such a request to "the appropriate court of appeals."  Therefore,

**IT IS ORDERED** that Djuga's motion is construed in part as a motion for certification for this Court to consider the second or successive claims identified therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is

---

[5] R. Doc. No. 354, at 1.
[6] *Id.*
[7] R. Doc. No. 341.
[8] R. Doc. No. 346.

authorized under 28 U.S.C. § 2244 and § 2255 to file such a motion to vacate in this Court.

New Orleans, Louisiana, May 10, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**